IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREL ROXANNE JONES,                          3:15-CV-00230-BR

            Plaintiff,                         OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

            Defendant.


**NANCY J. MESEROW**
7540 S.W. 51st Ave.
Portland, OR 97219
(503) 560-6788

            Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**MARTHA A. BODEN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-3710

        Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Laurel Roxanne Jones seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.

        This matter is now before the Court on Plaintiff's Complaint in which she seeks review of the Commissioner's decision and the Commissioner's Motion to Remand (#18) for further administrative proceedings on the ground that the Administrative Law Judge (ALJ) erred at Step Four.

        Following a review of the record, the Court **REVERSES** the Commissioner's decision, **DENIES** the Commissioner's Motion to Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.


2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications for DIB and SSI on January 3, 2012.  Tr. 232.[1]  Plaintiff alleged a disability onset date of October 1, 2010.  Her applications were denied initially and on reconsideration.  An ALJ held a hearing on October 31, 2013.  Tr. 30-67.  At the hearing Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney.

On November 13, 2013, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 9-29.  On December 22, 2014, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on March 29, 1951.  Tr. 233.  Plaintiff was 52 years old at the time of the hearing.  Plaintiff has a Masters Degree in Material Science and Engineering and a Masters Degree in Electrical Engineering.  Tr. 34-35.  Plaintiff has past relevant work experience as a Research Assistant.  Tr. 24.

Plaintiff alleges disability due to Achondroplasia Dwarfism, hearing loss, back pain, post-traumatic stress disorder (PTSD),

---

[1] Citations to the official transcript of record filed by the Commissioner on June 29, 2015, are referred to as "Tr."

3 - OPINION AND ORDER

spinal lordosis and stenosis associated with dwarfism, loss of balance, "lax ligaments in the knee and hip joints," obesity, and a rotator cuff injury.  Tr. 235.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-21.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42

U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1),

416.920(g)(1).

## <u>ALJ'S FINDINGS</u>

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity since her October 1, 2010, alleged onset date.  Tr. 14.

At Step Two the ALJ found Plaintiff has the severe impairments of arthropathies, obesity, and an anxiety disorder. Tr. 15.  The ALJ found Plaintiff's impairments of Achondroplasia Dwarfism, hearing loss, and chronic cough to be nonsevere. Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 16.  The ALJ found Plaintiff has the RFC to perform sedentary work.  Tr. 18.  The ALJ found Plaintiff can frequently lift and/or carry less than ten pounds and occasionally lift and/or carry ten pounds.  Tr. 18.  The ALJ also found Plaintiff can stand and/or walk for six hours in an eight-hour work day and can sit for six hours in an eight-hour work day with "the option to sit and [to] stand alternatively."  Tr. 18.  The ALJ found Plaintiff can occasionally stoop, kneel, crouch, crawl, and

perform bilateral lifting.  Tr. 18.  The ALJ also found Plaintiff must avoid concentrated exposure to heights and machinery, and she can work in "a quiet office environment." Tr. 18-19.

At Step Four the ALJ concluded Plaintiff could perform her past relevant work as a research assistant.  Tr. 24. Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred (1) at Step Two when he failed to find Plaintiff's impairments of sleep apnea, hearing loss, PTSD, and dwarfism were severe conditions; (2) when he failed to adequately evaluate the medical opinions of reviewing psychologists Dorothy Anderson, Ph.D., and Luahna Ude, Ph.D.; (3) when he failed to adequately evaluate the medical opinion of reviewing physician K. McAuliffe, M.D.; (4) when he failed to adequately evaluate the opinion of examining physician Heather Mikes, D.O.; (5) when he failed to adequately evaluate the opinion of examining psychologist Molly McKenna, Ph.D.; (6) when he improperly failed to address the lay-witness statement of Noah Mickens; (7) when he failed to include all of Plaintiff's impairments in his assessment of Plaintiff's RFC; and (8) when he improperly posed hypotheticals to the VE that did not include all of Plaintiff's impairments.

In her Motion to Remand the Commissioner concedes the ALJ failed to evaluate adequately the medical opinions of Drs. Anderson and Mikes; improperly failed to address the opinions of Drs. Ude, McAuliffe, and McKenna; and improperly failed to address Mikens's lay-witness statement. Thus, the Commissioner moves the Court to remand this matter for further proceedings.

**I.    The ALJ erred when he failed to include limitations identified in the opinions of Drs. Mikes and Anderson in Plaintiff's RFC and failed to address the opinions of Drs. Ude, McAuliffe, and McKenna.**

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an

examining physician or a treating physician." *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

### A.  Dr. Mikes

In March 2012 Dr. Mikes conducted a consultative examination of Plaintiff and assessed her with Achondroplasia Dwarfism, obesity, and decreased range of motion in the left shoulder due to a remote injury.  Tr. 347.  Dr. Mikes noted Plaintiff's "compensation for short stature is starting to wear [her] down given demonstrated decreased range of motion of her joints, obesity, and symptoms of arthritis."  Tr. 347.  Dr. Mikes opined Plaintiff's maximum sitting capacity was less than two hours

> based on the awkwardness and degree of discomfort appreciated even within our limited time together this morning.  It is possible with more ergonomically appropriate furniture that supports the claimant's body stature that she . . . could be able to tolerate sitting for longer periods of time.

Tr. 347-48.

The ALJ gave "great weight" to Dr. Mikes's opinion

because it was "based on a thorough face-to-face examination and . . . consistent with the objective medical evidence." Tr. 20. Nevertheless, in his assessment of Plaintiff's RFC the ALJ did not consider Dr. Mikes's opinion that Plaintiff is limited to sitting for less than two hours.  Instead the ALJ found Plaintiff could sit for six hours in an eight-hour work day with the option to sit and to stand.  In addition, the VE opined Plaintiff was capable of performing her past relevant work as a research assistant both as that job is generally and actually performed based on Plaintiff's RFC as set out by the ALJ.  The research assistant job, however, is classified as sedentary, and, therefore, it requires "prolonged sitting."  20 C.F.R. §§ 404.1567(a), 416.967(a).  *See also* SSR 83-12.  The research assistant job, therefore, appears to be incompatible with the sitting limitation identified by Dr. Mikes.

On this record the Court concludes and Defendant concedes the ALJ erred when he gave great weight to Dr. Mikes's March 2012 opinion but, nevertheless, failed to include Plaintiff's sitting limitation in Plaintiff's RFC.

**B.   Dr. Anderson**

In May 2012 Dr. Anderson completed a Mental Residual Functional Capacity assessment of Plaintiff after reviewing the medical record and opined in pertinent part that Plaintiff was moderately limited in social functioning due to anxiety

disorders.  Tr. 118.   Dr. Anderson noted Plaintiff "will not be able to manage frequent public contact or contact with coworkers that requires ongoing close cooperation or coordination of effort.  She will require a supervisor who will be understanding and help her deal with her interpersonal conflicts on a regular basis."  Tr. 122.  The ALJ gave Dr. Anderson's opinion "some weight," but he did not include in Plaintiff's RFC assessment the social restrictions identified by Dr. Anderson.

On this record the Court concludes and Defendant concedes the ALJ erred when he gave some weight to Dr. Anderson's May 2012 opinion but, nevertheless, failed to include in Plaintiff's RFC the social restrictions identified by Dr. Anderson.

**C.    Drs. McKenna, McAuliffe, and Ude**

The ALJ failed to address the opinions of Drs. McKenna, McAuliffe, and Ude.

On March 3, 2012, Dr. McKenna conducted a consultative psychodiagnostic examination of Plaintiff.  Dr. McKenna opined Plaintiff's "primary impediments to returning . . . to gainful employment are . . . interpersonal and related to mild anxiety." Tr. 340.  Dr. McKenna noted Plaintiff's "interpersonal concerns and the extent to which these problems might interfere with attention and concentration are likely to restrict her employment and her success in some types of work environments."  Tr. 340.

In February 2012 Dr. McAuliffe conducted a review of
Plaintiff's medical records and noted Plaintiff's prognosis was
"unclear" because she "is at increased risk of orthopedic
problems on the basis of achondroplasia, which would be
exacerbated with inappropriate work environments."  Tr. 359.
Dr. McAuliffe concluded Plaintiff would need an ergonomic
workstation and adaptive equipment to avoid exacerbation of her
orthopedic problems.

In April 2012 Dr. Ude conducted a review of Plaintiff's
psychological records and noted Plaintiff has an "impairment in
social functioning. . . .  Almost anything done by others in a
work environment is annoying to her and is perceived a[s]
threatening her ability to function."  Tr. 361.  Dr. Ude noted
Plaintiff "will need physical accommodations in the workplace to
be able to feel confident, and to work quickly and efficiently."
Tr. 361.

As noted, the ALJ did not address, weigh, or reject the
opinions of Drs. McKenna, McAuliffe, and Ude nor did the ALJ
include in Plaintiff's RFC the limitations identified by
Drs. McKenna, McAuliffe, and Ude.  On this record the Court finds
and Defendant concedes the ALJ erred when he failed to address or
to weigh the opinions of Drs. McKenna, McAuliffe, and Ude.

**II.  This matter is remanded for the immediate calculation and
award of benefits.**

The decision whether to remand for further proceedings or

14- OPINION AND ORDER

for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

The Court has determined the ALJ erred when he improperly failed to include Plaintiff's sitting limitation contained in Dr. Mikes's opinion, failed to include Plaintiff's social limitations contained in Dr. Anderson's opinion, and failed to address the opinions of Drs. McKenna, McAuliffe, and Ude.  As noted, the ALJ found Plaintiff is not disabled based in part on a finding that Plaintiff is capable of standing and/or walking six hours in an eight-hour work day.  Dr. Mikes, however, opined Plaintiff is able to sit for less than two hours in an eight-hour work day, and the ALJ purportedly gave "great weight" to Dr. Mikes's opinion.  When all of Dr. Mikes's opinion is given great weight, however, Plaintiff is not capable of any combination of sitting, standing, or walking for eight hours in an eight-hour work day.  The VE testified at the October 31, 2013, hearing that an individual who could not sit, stand, or walk for eight hours in an eight-hour work day could not sustain competitive employment.  Tr. 66.  Accordingly, after actually giving Dr. Mikes's opinion the weight required by law, the Court concludes Plaintiff cannot work on a regular and continuing basis, and, therefore, Plaintiff is disabled.  *See* 20 C.F.R. §§ 404.1545(b), 416.945(b)(RFC is ability to work on "regular and

16- OPINION AND ORDER

continuing basis"). *See also* SSR 96-8p ("regular and continuing basis" is "8 hours a day, for 5 days a week, or an equivalent work schedule"). Thus, even assuming without deciding that further development of the record is required related to the opinions of Drs. McKenna, McAuliffe, and Ude, the Court concludes Plaintiff must be found disabled when Dr. Mikes's opinion is given the weight required by law. The Court, therefore, concludes this matter should not be remanded for further proceedings. *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000). *See also Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

Accordingly, the Court remands this matter for the immediate calculation and award of benefits to Plaintiff.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner, **DENIES** the Commissioner's Motion (#14) to Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate

calculation and award of benefits.

IT IS SO ORDERED.

DATED this 18th day of April, 2016.


                              /s/ Anna J. Brown
                              _____
                              ANNA J. BROWN
                              United States District Judge

18- OPINION AND ORDER